SPENCE v. CHARROT et al.

(Supreme Court, Appellate Division, Second Department. March 4, 1910.)

1. LANDLORD AND TENANT (§ 191*)—TERMINATION OF LEASE—PREMISES TAKEN IN EXERCISE OF POWER OF EMINENT DOMAIN.

Under Greater New York Charter (Laws 1901, c. 466) § 996, providing ·that where a part of leased premises are taken by the city in condemnation proceedings the lease shall remain valid only as to the part not taken, and the rents apportioned accordingly, but where all is taken the rights and claims under the lease cease entirely, where tenants, sued for rent, do not ask to apportion the rent, in order to invoke the benefit of the above section, they must show the equivalent of total destruction.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 764; Dec. Dig. § 191.*]

2. LANDLORD AND TENANT (§ 191*)—RENT—ACTION—DEFENSES.

In a suit for rent, where defendants pleaded as a defense that part of the premises were taken by the city in condemnation proceedings, that plaintiff was awarded damages as for total destruction, and that defendants, relying on plaintiff's representation that they would tear down the building and defendants would be required to vacate it, surrendered the premises, it was error to enter judgment against them on the pleadings.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 764; Dec. Dig. § 191.*]

3. LANDLORD AND TENANT (§ 191*)—RENT—ACTIONS.

Under Greater New York Charter (Laws 1901, c. 466) § 996. providing that where part of the leased premises are taken by the city in condemnation proceedings the lease shall remain valid only as to the part not taken and the rent apportioned accordingly, where part of leased premises were taken and the tenants surrendered the premises, in the absence of any demand for apportionment of the rent in the pleadings, in a suit for the rent, the plaintiff may recover the whole rent to the time the defendants actually surrendered the premises.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 764; Dec. Dig. § 191.*]

Appeal from Special Term, Kings County.

Action by William Spence against August Charrot and another. From a judgment for plaintiff, defendants appeal. Reversed, and new trial granted.

Argued before WOODWARD, JENKS, BURR, THOMAS, and RICH, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Charles H. Kelby, for appellants.

T. Ellett Hodgskin, for respondent.

THOMAS, J.   The defendants appeal from a judgment entered on the pleadings.   The defendants were lessees of a store and a portion of the basement of 58 Flatbush avenue.   The term was from January 1, 1903, to April 30, 1907.   The plaintiff sues for the rent for the year 1906 and the following four months.   The defendants denied rent due, and stated three defenses: First, that proceedings were begun March 6, 1905, by the city of New York for the widening of Livingston street; that the plaintiff and defendants above named were adverse parties in and to the aforesaid condemnation proceeding, in which the total destruction of the building or leasehold premises described in the complaint was a material issue, said issue being therein actually litigated and necessarily involved, and it was therein, by said final order, adjudged and determined on the merits that the said building or leasehold premises were totally destroyed, and the plaintiffs and defendants compensated in accordance with such determination by the award of full damages for a total destruction of said building or leasehold premises, according to their respective interests; that the city, on or about the 11th day of November, 1906, acquired title "to part" of the premises, and took possession of such part in January, 1906; that thereafter it tore down and removed the entire front wall of the building, and a part of the side walls, whereby the defendants were deprived of the use and possession of the premises, which became untenantable by reason of such destruction, and that the defendants elected to quit and surrender the part of the premises not acquired by the city, and did so quit and surrender the same to the plaintiff, who went into possession thereof.   The second defense is that upon hearings before the commissioners the plaintiff proved that by reason of the city's acquiring title the building erected on the premises would be totally destroyed, and that the commissioners duly found that the removal of the front wall and part of the side wall of the building would cause a total loss of said building, and awarded to plaintiff a sum which adequately compensated plaintiff for the total loss and destruction of said building.   For a third defense the defendants allege that during the pendency of such proceedings plaintiff represented to defendants that upon the city acquiring title plaintiff would tear down the entire building and erect a new building, and that upon such acquisition of title the defendants' lease would cease and determine, and that defendants would thereupon be required to give up the use and possession of said premises and surrender the same to plaintiff; and in a separate paragraph it is alleged that defendants relied upon said representations, and caused another building owned by defendants to be altered so as to be suitable for their business, "and thereafter quit and surrendered the said premises to plaintiff, as said plaintiff represented they would be required to do."

It will be observed that in the third defense the defendants do not state at what date they surrendered the premises.   They "thereafter quit and surrendered"; that is, after the things enumerated in para-

graph 2. They vaguely state that they quit and surrendered their premises at some time before the expiration of the term by reason of the direction that they should do so upon the city acquiring title. The first defense is in effect that the city sought the title to part of the lot against the present parties; that they and the city contested the question whether the taking would involve the destruction of the building; that it was adjudged that the leasehold premises were totally destroyed, and the landlord and tenants compensated as for total destruction; that in January, 1906, the city took possession of part of the premises, and later tore down the front wall and side wall of the building, whereby the defendants were deprived of the use and possession of the building thus made untenantable, and thereafter elected to surrender and did quit and surrender the part of the premises not acquired by the city to the plaintiff. Here is the same indefinite statement as to the time of surrender. Non constat such surrender did not take place until the lease expired. I think that the allegation of surrender adds nothing to the effect of the other facts stated in this defense.

Section 996 of the charter (Laws 1901, c. 466) is as follows:

"In all cases where the whole of any lot or parcel of land or other premises, under lease or other contract, shall be taken for any of the purposes aforesaid, by virtue of this title, all the covenants, contracts and engagements between landlord and tenant, or any other contracting parties, touching the same, or any part thereof, shall, upon the vesting of the title in the city of New York, cease and determine and be absolutely discharged; and in all cases where part only of any lot or parcel of land, or other premises, so under lease or other contract, shall be so taken for any of the purposes aforesaid, all contracts and engagements respecting the same shall, upon such vesting of title, cease, determine and be absolutely discharged as to the part thereof so taken, but shall remain valid and obligatory as to the residue thereof, and the rents, considerations and payments reserved or payable, and to be paid, for or in respect to the same, shall be so apportioned as that the part thereof justly and equitably payable, or that ought to be paid, for such said residue thereof, and no more shall be demanded or paid, or recoverable, for or in respect of the same."

The defendants do not ask to apportion the rent. Therefore to invoke this section they must show the equivalent of total destruction. Their lease covered only the store and part of the basement. They allege acts that amount to destruction thereof. Moreover, they charge that total destruction was adjudged, and compensation ordered accordingly. In the second defense they show that the plaintiff proved total destruction, and obtained an award and compensation therefor. So by the pleading it appears that the plaintiff recovered compensation for what he had leased to defendants upon the ground of the total destruction of the leased property. The city took title to part of the destroyed property on November 11, 1905, but the statement in the answer is that the defendants did not quit and surrender the part not taken by the city until some time after the city took possession in the month of January, 1906. For aught that appears in this defense, they did not surrender the premises before the expiration of the lease.

I am inclined to think that a new trial should be had by reason of the third defense. In the absence of any demand for apportionment of the rent in the pleadings, the plaintiff may recover the whole rent to the time that the defendants actually quit and surrendered the prem-

ises, if they are proven to have done so. This decision is based entirely upon the statements in the answer, and is only available to the defendants in case they support such statements by evidence.

The judgment should be reversed, and a new trial granted; costs to abide the event. All concur.